IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 1 2 2012
MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 12-678-MV |
| ) | |
| SYLVESTER BRUCE, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(c), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico and the United States Department of Justice Civil Rights Division (collectively, "the United States"), the Defendant, **SYLVESTER BRUCE**, and the Defendant's counsel, Roberto Albertorio:

**REPRESENTATION BY COUNSEL**

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

    1)  to confront and cross-examine adverse witnesses,

    2)  to be protected from compelled self-incrimination,

    3)  to testify and present evidence on the Defendant's own behalf; and

    4)  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The Defendant agrees to waive these rights and to plead guilty to Count 1 of the indictment, charging a violation of Title 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, and to Count 4 of the indictment, charging a violation of 18 U.S.C. § 1001, False Statement.

## SENTENCING

4.  The Defendant understands that the maximum penalty the Court can impose is:

  a.  For the violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, charged in Count 1, imprisonment for a period of not more than one year, a $100,000 fine, one year of supervised release, and a $25.00 mandatory special penalty assessment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  b.  For the violation of 18 U.S.C. § 1001, False Statement, charged in Count 4, imprisonment for a period of not more than five years, a

$250,000 fine, three years of supervised release, and a $100 mandatory special penalty assessment;

    c.    restitution as may be ordered by the Court.

5. The Defendant fully understands that the agreement included in this document determines the sentence in this case and whether the Court accepts the plea described herein and enters that agreed upon sentence, is solely in the discretion of the Court. Both parties understand that should the Court choose not to accept this plea agreement, as fully laid out in this document, that the United States will withdraw from this plea agreement and proceed to trial on the indictment in this case.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The parties agree that, as part of the Defendant's sentence, the Court will enter, if applicable, an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

8. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and

accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

### Deprivation of Rights Under Color of Law (Count 1):

B.J. was an inmate in the Shiprock Detention Center ("the jail") between sometime in June 2010 through September 2, 2010, and again from sometime in October through November 19, 2010. During that time period, I worked as a Corrections Officer at the jail. As a result of my job, I had authority over B.J. and access to her. While she was held in the jail, I repeatedly placed my hands under B.J.'s shirt and bra, and grabbed her breasts. I did this knowing B.J. did not want me to, and I groped her only when we were in areas of the jail where we could not be seen on surveillance cameras. Each time I did this, I was on duty as a Corrections Officer. I knew grabbing B.J.'s breasts was against the law, but I did it anyway. I admit that this was a wilful violation of B.J.'s constitutional rights, and more specifically, a violation of her right to bodily integrity.

### False Statement:

When the Federal Bureau of Investigation ("FBI") started investigating the treatment of female inmates at the jail, I agreed to participate in an interview. During a recorded interview with FBI Special Agent Dustin Grant, I told him that I never took photographs of inmates outside the booking area. This statement was false. In reality, I had repeatedly photographed female inmates outside the booking area. One example of

**this is the photographs I took of two female inmates asleep together on a bed in their cell. I intentionally and wilfully lied when I told Special Agent Grant that I only took photographs in the booking area. I admit this false statement was material and important to the FBI's investigation into the treatment of female inmates at the jail, and that the FBI had jurisdiction to conduct the investigation based on its authority over violations of inmates' civil rights.**

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11. The United States and the Defendant stipulate as follows:

   a. The United States has made an agreement with the Defendant pursuant to Rule 11(c)(1)(c), FED.R.CRIM.P., that a specific sentence that is agreed to in this plea agreement is a term of imprisonment with the Bureau of Prisons of 12 months and one day. Both parties agree that this sentence is the appropriate sentence in this matter and that restitution and fine, if either is applicable, will be determined by the Court. Both parties agree that the special penalty assessment is $125.00 and that the Court will decide the term of supervised release. The Defendant may not seek a downward departure, variance, or deviation of any kind from the agreed upon sentence.

b. If the Court accepts the plea agreement, it must inform the Defendant, to the extent the plea agreement is of the type specified in Rule 11(c)(1)(c), that the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the agreement.

c. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## **DEFENDANT'S ADDITIONAL OBLIGATIONS**

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees to forfeit his law enforcement certification and further agrees to no longer work or seek future employment as a law enforcement officer in any local, state, or federal law enforcement agency.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

14. The Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in New Mexico following release from prison, Defendant will be subject to the registration requirements of the New Mexico Sex Offender Registration and Notification Act. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.

15. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update Defendant's

7

registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

RHS

16. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and any sentence, including any fine, at or below the statutory maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.16.

By pleading guilty, the Defendant waives any right to seek attorney's fees and/or costs under the Hyde Amendment, i.e., Section 617 of Public Law 105-119, 18, U.S.C. § 3006, and the Defendant acknowledges that the government's position in this prosecution is not vexatious, frivolous, or undertaken in bad faith.

## GOVERNMENT'S AGREEMENT

17. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. The United States will dismiss Counts 2 and 3 of the indictment after sentencing.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and The United States Department of Justice Civil Rights Division and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

21.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $~~200.00~~ $125.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 12 day of July, 2012.

KENNETH J. GONZALES
United States Attorney

MARK T. BAKER
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

THOMAS E. PEREZ
Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

FARA GOLD
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section

     I am the attorney for **SYLVESTER BRUCE**. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

ROBERTO ALBERTORIO
Attorney for the Defendant

     This Agreement has been read to me in English, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the statutory maximum sentence, of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

SYLVESTER BRUCE
Defendant